THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 David Nexsen, Respondent,
 v.
 Marion Driggers
 and James L. Lifrage, Defendants,
 of whom Marion
 Driggers is the Appellant.
 
 
 

Appeal From Williamsburg County
George C. James, Jr., Circuit Court Judge
John M. Milling, Circuit Court Judge 
Unpublished Opinion No.   2010-UP-238
Submitted April 1, 2010  Filed April 14,
 2010
AFFIRMED

 
 
 
 Marion L. Driggers, pro se, of Lake City, for Appellant.
 J. Jakob Kennedy, of Florence, for Respondent.
 
 
 

PER CURIAM:  Marion L. Driggers appeals the trial
 court's order dismissing his motion to restore.  Driggers argues the trial
 court erred in: (1) ordering a continuance of his hearing; (2) denying his
 motion to restore; (3) "not checking due process on summary judgment";
 (4) failing to investigate who had a claim to personal property at issue in
 this case; (5) failing to call witnesses to verify the validity of the
 contracts at issue in this case; (6) "not granting 27-27-10 for
 Improvements"; (7) failing to grant a continuance to allow his witnesses
 to appear; (8) failing to question witnesses regarding cutting off power before
 possession, unjust enrichment or quantum merit, the Hunt Club Contract, or the
 signing of the stipulation of dismissal; (9) not granting a jury trial because
 of the compelling evidence in the case; and (10) failing to allow Driggers to
 subpoena evidence.  We affirm.[1]
As to Driggers' argument that the trial court erred in ordering a
 continuance of his hearing, the trial
 court found Nexsen's attorney was involved in a jury trial in Florence County
 and correctly continued the hearing because the jury trial had priority over
 the hearing.  See Rule 601, SCACR (stating a circuit court common pleas
 jury term has priority over a circuit court common pleas non-jury term); Plyler
 v. Burns, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007) ("The grant or
 denial of a continuance is within the sound discretion of the trial judge and
 is reviewable on appeal only when an abuse of discretion appears from the record."). 
   
As to Driggers' contention that the trial court erred in denying
 his motion to restore, the case was
 previously dismissed with prejudice, which precludes any subsequent attempts by
 Driggers to restore the case. See Rule 41(a), SCRCP (stating a case may
 be voluntary dismissed by stipulation "by filing a stipulation of
 dismissal signed by all parties who have appeared in the action"); Laughon
 v. O'Braitis, 360 S.C. 520, 527, 602 S.E.2d 108, 111 (Ct. App. 2004) ("A
 dismissal with prejudice acts as an adjudication on the merits and therefore
 precludes subsequent litigation just as if the action had been tried to a final
 adjudication."); Motley v. Williams, 374 S.C. 107, 111, 647 S.E.2d
 244, 246 (Ct. App. 2007) ("It is a long-standing and well-settled rule
 that an attorney may settle litigation on behalf of his client and that the
 client is bound by his attorney's settlement actions.").  Driggers'
 attorney signed a stipulation of dismissal on his behalf, which dismissed the
 case with prejudice, and the stipulation was validly filed with the Clerk of
 Court in Williamsburg County. No evidence in the record supports Driggers'
 contention that his attorney did not represent him at the time of the signing
 of the stipulation.  Additionally, Driggers signed a settlement agreement and a
 mutual release, both of which required Driggers to release all claims against
 Nexsen arising out of this property dispute.  Accordingly, the trial court
 correctly denied Driggers' motion to restore.   
As to Driggers' remaining arguments: Hughes v. State,
 367 S.C. 389, 409, 626 S.E.2d 805, 815 (2006) (finding the appellate court need
 not address remaining issues when the resolution of a prior issue is
 dispositive). 
AFFIRMED.
HUFF, THOMAS,
 and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.